**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| MYKEL POWELL<br>Plaintiff,<br><br>v.<br><br>BRIAN HOLMES,<br>In his individual and his official capacity as the Sergeant of the Stoughton Police Department<br><br>and<br>JAMES O'CONNOR<br>In his individual and his official capacity as a Detective of the Stoughton Police Department<br><br>Defendants | Civil Action No. _____ |

**COMPLAINT AND REQUEST FOR DAMAGES**

Plaintiff, Mykel Powell, brings this Complaint against the Defendant Brian Holmes, Sergeant of the City of Stoughton Police Department and James O'Connor, Detective of the City of Stoughton Police Department for the improper handling and loss or destruction of his firearms while in their possession.

**PARTIES**

1. Plaintiff, Mykel Powell, (hereunder Mr. Powell) is a resident at 169 Courtland St #7, Providence, RI 02909.
2. Defendant, Brian Holmes, (hereunder "Sgt. Holmes") is a Sergeant of the Stoughton Police Department, 26 Rose St, Stoughton, MA 02072. His actions alleged in this complaint were taken under the color of law.

3. Defendant, James O'Connor, (hereunder Det. O'Connor) is a Detective of the Stoughton Police Department, 26 Rose St, Stoughton, MA 02072. His actions alleged in this complaint were taken under the color of law.

## JURISDICTION AND VENUE

4. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and § 1343.
5. Venue lies in this District because a substantial part of the acts or omissions giving rise to Mr. Powell's claims occurred in the City of Stoughton, Norfolk County. 28 U.S.C. § 1391(b)(2).
6. M.G.L. c. 140, §129D does not provide for a private cause of action for violations of the statute.
7. Commonwealth of Massachusetts had not waived its sovereign immunity under the "detention of goods" exception G.L. c. 258, § 10(d).
8. Mr. Powell has no adequate state law post deprivation remedy since M.G.L. c. 258, § 10(d), operates as a broad grant of immunity from state law claims originating from the "lawful detention of any goods or merchandise by any law enforcement officer." *Stephen Vining v. Commonwealth of Massachusetts*, 63 Mass. App. 690, 695 (2005).

## FACTS

9. On November 29, 2015, Stoughton Police Department licensing department suspended Mr. Powell's Class A license to carry firearms to due pending criminal charges.

10. Sgt. Holmes is responsible for license to carry firearms applications and deals with all communications with applicants.

11. Sgt. Holmes came to Mr. Powell's residence and took into possession Mr. Powell's guns.

12. Sgt. Holmes took possession from Mr. Powell the following items:

    a. Bushmaster AR15 (serial#HFN6346)

    b. S&W SD9 (serial #BFI643914)

    c. 6 pre-ban AR 30 round magazines,

    d. 1 magazine for S&W SD9 and (5) and

    e. The bag for the rifle.

13. The fair market value of the property that was taken is at least $1,532.24.

14. Sgt. Holmes didn't give Mr. Powell receipt in lieu of possession of his property.

15. Mr. Powell was told to call Sgt. Holmes once he is clear from his criminal charges.

16. Mr. Powell was not given notice in writing of the licensing authority's ability, within 1 year after delivery or surrender, to transfer the firearms, rifles, shotguns and machine guns and ammunition to any licensed dealer or other person legally permitted to purchase or take possession in accordance with M.G.L. c. 140 §129D.

17. On August 3, 2016, Mr. Powell's criminal charges were dismissed.

18. On August 5, 2016, Mr. Powell left a telephone message for Sgt. Holmes informing him that the criminal case against him was dismissed.

19. After multiple and unsuccessful attempts, Mr. Powell finally was able to reach Sgt. Holmes via phone on September 29, 2016 regarding his property.

20. Holmes would not agree to release control of Mr. Powell's property and Holmes stated that Mr. Powell that "needed a change in his lifestyle".

21. Mr. Powell immediately made changes in his life which included him moving to Rhode Island.

22. Sgt. Holmes subsequently told Mr. Powell that if he attained an ability to possess firearms in Rhode Island, he, then, would release his property to him.

23. On October 24, 2016, Mr. Powell passed the blue card test which enables him to purchase or receive handguns in Rhode Island in accordance with R.I. Gen. stat. § 11-47-35.

24. Mr. Powell contacted Sgt. Holmes but was advised to contact Det. O'Connor.

25. On November 14, 2016, during his conversation with Det. O'Connor, Mr. Powell was informed that his property was sent for disposal on October 3, 2016.

26. At no time, did Mr. Powell receive a receipt that his property was taken into a bonded warehouse, pursuant to M.G.L. c. 140 §129D.

27. Mr. Powell was denied the opportunity to transfer his property that was taken pursuant to M.G.L. c. 140 §129D.

28. On February 4, 2017, Mr. Powell sent a letter, via his attorney, to the Town of Stoughton, demanding compensation for the loss of his property.

29. To date, Mr. Powell's property has not been returned and he has not been given compensation for the loss of his property.

COUNT I: 42 U.S.C. Section 1983 (Loss of use of property)

30. Mr. Powell re-alleges paragraphs 1-28 as if full set forth herein.

31. The Defendants' failure to comply with the M.G.L. c. 140, §129D, failure to return Mr. Powell's property, and the inappropriate handling of Mr. Powell's property deprived Mr. Powell of a property interest.

32. Mr. Powell has suffered damages from the loss of use of his property, including the loss of use of the funds from a sale of the property that was taken.

33. Mr. Powell has the right to file a civil rights claim pursuant to 42 U.S.C. §1983 to recover the value of the loss of use of his property.

COUNT II: 42 U.S.C. Section 1983 (Loss of the value of property)

34. Mr. Powell re-alleges paragraphs 1-32 as if full set forth herein.

35. Mr. Powell has not been given compensation for the loss and/or destruction of his property.

36. Mr. Powell has suffered damages in the loss the fair market value of the property that was taken.

37. Mr. Powell has the right to file a civil rights claim pursuant to 42 U.S.C. §1983 to recover the value of his property.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Mykel Powell, pray for relief as follows:

(i) judgment for his damages against the Defendant, Brian Holmes;

(ii) judgment for his damages against the Defendant, James O'Connor;

(iii) award the Plaintiff, Mykel Powell, his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

(iv) award the Plaintiff, Mykel Powell, such other relief as the Court deems just and proper.

JURY TRIAL DEMAND

The Plaintiff, Mykel Powell, demands a jury trial on all counts so triable.

Dated: May 3, 2017

Respectfully submitted,
Plaintiff, Mykel Powell,
By his attorney,

Margarita Smirnova, Esq.
BBO No. 680429
40 Wallingford Rd, #567
Brighton, MA, 02135
Telephone (617)875-8663
margarita.smirnova@gmail.com