UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Docket No.: 1:17-cv-10776-FDS

MYKEL POWELL,

    Plaintiff,

    v.

BRIAN HOLMES, in his individual and his official capacity as the Sergeant of the Stoughton Police Department, and JAMES O'CONNOR, in his individual and his official capacity as a Detective of the Stoughton Police Department,

    Defendants

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S "FIRST MOTION FOR LEAVE TO APPEAR PRO HAC VICE FOR ADMISSION OF DAVID JENSEN"

Brian Holmes and James O'Connor ("Defendants") hereby oppose the Plaintiffs' "First Motion for Leave to Appear Pro Hac Vice for admission of David Jensen."  Document 30.

As grounds, the Defendants state:

1. Adding a second attorney from out of state appears to be an effort by the Plaintiff to increase his attorney's fees.

2. In this case, the Plaintiff is suing for the loss of value of his AR-15 assault rifle, handgun, magazines and rifle bag.  Complaint, ¶¶ 12, 27 and Counts I and II.

3. The total value of this property is $1,532.24.  Complaint, ¶ 13.

4. The Plaintiff purchased the AR-15 assault rifle for $899.95 and the handgun for $299.95, totaling $1,199.90.  **Exhibit 1 – Plaintiff's firearms receipts.**

5. By way of background, the Plaintiff claims that the Stoughton Police Department licensing department suspended his license to carry firearms due to pending criminal charges and took possession of his firearms and other associated items.  Complaint, ¶¶ 9-12.

1

Case 1:17-cv-10776-FDS   Document 31   Filed 04/11/18   Page 2 of 3

6. The Plaintiff was charged with three crimes:

   (a) Enter at night for felony, person in fear under M.G.L. c. 266 § 17;

   (b) Witness intimidation under M.G.L. c. 268 § 13B; and

   (c) Assault and Battery under M.G.L. c. 265 § 13A(a).

   **Exhibit 2 – Criminal Docket.**

7. The Plaintiff admitted to sufficient facts for a guilty finding on all three criminal charges, and the Court ordered "no contact w/ victim." **Exhibit 2.**

8. Thereafter, as part of his "admission to sufficient facts" the criminal charges were dismissed on August 3, 2016. **Exhibit 2**; Complaint ¶ 17.

9. Thereafter, the Plaintiff contacted Sergeant Holmes regarding his firearms. Complaint ¶¶ 18-24.

10. The Plaintiff alleges that on November 14, 2016, Detective O'Connor informed him that his firearms has been sent for disposal on October 3, 2016. Complaint, ¶ 25.

11. The Plaintiff claims he was not given a receipt for his firearms and was denied the opportuning to transfer them. Complaint, ¶¶ 26-27.

12. As the parties previously reported to the Court (Document 27), the "Defendants have requested that this matter be referred to the Court's mediation program." For his part, the "Plaintiff is potentially open to this proposal, pending completion of the initial discovery." Document 27, ¶ 7.

13. Like attempting to adding second attorney from out of state this appears to be an effort by the Plaintiff to increase his attorney's fees.

14. Finally, the Plaintiff did not consult with the Defendants' attorney under Local Rule 7.1 prior to filing "First Motion for Leave to Appear Pro Hac Vice for admission of David Jensen." Document 30.

Accordingly, the Defendants request that the Court deny the Plaintiffs "First Motion for Leave to Appear Pro Hac Vice for admission of David Jensen."

[*signature next page*]

2

Respectfully submitted,

The Defendants, Brian Holmes and James O'Connor
By their attorneys,


*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
tdonohue@bhpklaw.com

DATED: April 11, 2018


**CERTIFICATE OF SERVICE**

    I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

*/s/ Thomas R. Donohue*
Thomas R. Donohue, BBO# 643483

DATED: April 11, 2018